Lee & Edwards Corporation v. C. D. Carlton

191 So. 453
Division A
Opinion Filed October 10, 1939

*W. Kenneth Barnes,* for Plaintiff in Error;
*A. B. Carlton,* for Defendant in Error.

Per Curiam.—We review on writ of error judgment in favor of the plaintiff in the sum of $1,500.00 as principal, $130.00 as interest and $7.50 as costs.

The record shows that on January 18, 1937, the plaintiff sold to defendant a crop of Valencia oranges on the trees at $1.50 per box and, to bind the contract, the purchaser paid to the seller $1,500.00. That contract contained the following stipulation:

"A payment of $1500 as an advance payment on the above mentioned crop or crops is hereby acknowledged; the fruit to be moved from the trees and settled for by or before May 1st, 1937, unless prevented by providential hindrance. Fruit to be settled for as picked. Firm dropped Grapefruit acceptable to cannery to be picked up.

"In case the Buyer fails to move the fruit and settle for same as per agreement, the amount paid is hereby forfeited, but no additional payment will be expected by the Grower or Seller."

The purchaser failed to pick and ship the fruit as per the terms of that contract and on the 6th day of May, 1937, the same purchaser and the same seller entered into another contract for the purchase and sale of the same fruit and on that date the purchaser again paid the seller $1,500.00 on the contract. Under the latter contract the purchaser was to pay $2.50 per box and agreed that the fruit should be gathered and moved on or before the week of the 20th of May, 1937. The fruit was gathered and moved according to the contract. The purchaser paid the seller the amount due under the latter contract, less $1,500 paid to the seller under the first contract. The seller claimed the balance of $1,500.00 and, when same was not paid, sued for it. The defendant filed three amended pleas, as follows:

"1st. Plea: That before action that the said defendant discharged and satisfied said plaintiff's claim by payment; and for a second and further plea says,

"2nd Plea: That before action that the said defendant made a further and additional advance to the plaintiff of the sum of $1,500.00 which said sum was accepted and received by the plaintiff upon the purchase price of said merchandise, goods or citrus fruits bargained and sold by the plaintiff to the defendant; and for a third and further plea says,

"3rd Plea: That the defendant has never agreed, accepted or entered into an account stated between the plaintiff and defendant."

On motion, the Second and Third Pleas were stricken. Later plaintiff filed motion to strike the first plea on the following grounds:

"1. That plaintiff and defendant entered into contract for the sale of citrus fruits as set out in the declaration, as shown by copy of the contract attached to the said decla-

ration; that the defendant subsequently removed the said fruit pursuant to the terms of the said contract and when remitting therefor deducted $1,500.00 as set out in the statement attached to the declaration, and has failed and refused to pay the said $1,500.00, claiming and holding that the $1,500.00 paid on an old contract made and entered into between the parties under date of January 18, 1937, copy of which old contract is hereto attached, marked Exhibit 'A,' and made a part of this motion, which said contract by its terms became and was forfeited on the first day of May, A. D. 1937; subsequent thereto, to-wit: On May 6, 1937, the defendant by its employees, agents and representatives renegotiated with plaintiff for a resale of the said fruit, and the said negotiation resulted in the entering into a new contract on May 6, 1937, copy of which is attached to the declaration as a cause of action, which said contract is by reference thereto made a part of this motion; that at the time of making and entering into the contract, this plaintiff was negotiating with another buyer for the same price and practically the same terms, but defendant's agent and employee, A. J. Burnside, Jr., and Pres. L. C. Edwards, Sr., urged this plaintiff to sell the fruit to the defendant at the same price and terms set out in the last contract herein referred to, stating at the time that 'the former contract is forfeited and our loss, is water passed under the bridge and to forget it,' and that 'you (Plaintiff) would receive all your money under the new contract,' and that in so doing, 'would well be able to salvage some of our loss,'—Whereupon, plaintiff made and entered into the said new contract for the sale of the said fruit, with the express admission of the defendant and expectation of receiving pay for the said fruit in full under the said last new contract, but defendant withheld the $1,500.00 paid under the first contract when remitting

for the fruit, and fails and refuses to make payment to the plaintiff of the said $1,500.00.

"Whereupon, plaintiff says that the plea of payment is a sham plea and made for the purpose of delaying and preventing plaintiff from receiving his money rightfully and legally due him, together with interest thereon from the date of delivery of the fruit and remittance of check dated May 21, 1937, as part payment on the fruit, and therefore, plaintiff claims that the plea is a sham plea and that he is entitled to judgment, instanter, for $1,500.00 balance of principal due and interest at the rate of 8% per annum, the legal rate of interest from May 21, 1937, to date of settlement, and that the interest to the 21st day of June, 1938, is $130.00, a total to June 21, 1938, of $1,630.00, and costs of this suit, and the plaintiff moves the court to enter judgment therefor and thereon."

The motion was verified by oath of the attorney for the plaintiff. Attorney for defendant filed affidavit, as follows:

"This day personally appeared before me, the undersigned authority, an officer duly authorized to take acknowledgments and administer oaths, A. J. Burnside, Jr., who, after being first duly sworn, did depose and say that he is the said A. J. Burnside, Jr., who is referred to in the affidavit of A. B. Carlton, as counsel for the plaintiff in the above styled case upon the motion of the plaintiff to strike the plea of the defendant; that this affiant for and on behalf of the defendant corporation, on or about January 18, 1937, purchased a certain crop of fruit from the plaintiff, C. D. Carlton, and the said defendant agreed to pay to the said plaintiff the sum of $1.50 per box for all Valencia oranges picked under said contract and at that time pay to the plaintiff the sum of $1,500 upon the purchase price of said fruit; that the said contract provided that the said defendant corporation should have until the

1st day of May, 1937, for the picking and removal of said fruit; that through an oversight of the defendant corporation that the fruit was not picked within that period and negotiations were entered into between the plaintiff and the defendant corporation, under the terms of which the period of picking was extended and the price for the Valencia oranges raised from $1.50 per box to $2.50 per box, and that on or about the 6th day of May, 1937, that the plaintiff told this affiant, as agent for the defendant corporation, that if the defendant corporation would pay him an' additional $1,500.00 deposit that he would make a new contract for the said Valencia oranges at $2.50 per field box; that the said $1,500.00 additional was given by this defendant to the plaintiff and the plaintiff executed the contract for the sale of said fruit; that at the time of the negotiations between the defendant and the plaintiff as to the new contract that he, this affiant, carried on and conducted all of the transactions and dealings in connection therewith and that while there were certain conversations between the plaintiff and L. C. Edwards, Sr., that this affiant was present during all of said conversations and that at no time did this affiant state, nor did the said L. C. Edwards, Sr., state to the plaintiff that 'the former contract is forfeited and our loss is water passed under the bridge and to forget it,' and that at no time did this affiant nor the said L. C. Edwards, Sr., state to the plaintiff that the $1,500.00 paid as a deposit upon the first contract entered into between the parties was to be forfeited and not taken into consideration in the settlement of the fruit purchased by the defendant from the plaintiff under said contracts; this affiant further says that there was no fruit included in the second contract with the plaintiff which had not been covered by the first contract entered into between the plaintiff and the defendant corporation and that the $1,500.00 paid by the defendant to

the plaintiff at the time of the entering into the first contract was in truth and in fact an advance payment upon the purchase of the fruit which was actually covered by the second contract; AND FURTHER THIS AFFIANT SAITH NOT."

Thereupon, the court entered the following Order:

"This cause coming on this day upon motion of plaintiff to strike defendant's plea as sham plea and to enter final judgment, there being present plaintiff and A. B. Carlton, his counsel, and W. K. Barnes, counsel for defendant, and the court having inspected the files and heard the evidence, finds that the plaintiff is entitled to strike the plea as a sham plea and to have final judgment entered against the defendant, it is therefore,

"Considered, Ordered and Adjudged by the court that the Plaintiff, C. D. Carlton, do have and recover of and from the defendant, Lee and Edwards Corporation, the sum of $1500.00 as principal, and $130.00 as interest, and $7.50, the costs of this proceeding to the date hereof in this behalf expended.

"For all of which let execution issue.

"Done and Ordered in Chambers at Tampa, Florida, this the 27th day of June, A. D. 1938."

The written contract constituted the best evidence of the transaction between the parties. According to the terms of the first contract the $1,500.00 paid on that contract had been forfeited to the seller because of non-performance of the contract and the seller was then in position to sell the crop of fruit to anyone ready, able and willing to purchase the same for such price as could be agreed upon.

The original purchaser entered into a new contract with the seller for the purchase of this fruit and agreed to pay a definite price and on that agreement paid earnest money of $1,500.00. The original sum of $1,500.00 paid was not

mentioned in the second contract nor in anywise referred to. The second constituted a new and independent contract, under which the purchaser was bound to pay the purchase price therein provided for without reference to the amount theretofore paid and forfeited to the seller.

We find no reversible error disclosed by the record.

So, the judgment is affirmed.

So ordered.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.